Jessica BRAMLETT, Appellant,

v.

VERTICAL RESOURCES, INC.; Stephen Ford; Fran Remington; Snyder Brothers, Inc; David O'Hara; Warren 150 Oil & Gas Associates; Dass Partners; Synd Enterprises, Inc.

No. 03–1383.

United States Court of Appeals,
Third Circuit.

Argued Oct. 23, 2003.

Decided Dec. 4, 2003.

T.F. Weiss, (Argued), The Weiss Law Firm, Houston, Texas, for Appellant.

Arthur D. Martinucci, (Argued), Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., Erie, Pennsylvania, Al Lander, (Argued), Greco & Lander, Clarion, Pennsylvania, J. Gregory Moore, Erie, Pennsylvania, for Appellees.

Before ALITO, FUENTES and BECKER, Circuit Judges.

OPINION

BECKER, Circuit Judge.

The history of this appeal—by now a veritable saga—is extremely involved.

Because we had an extensive oral argument at which it was reviewed in detail, there is no need to recount it here. Instead, we limit ourselves to a succinct statement of our ratio decidendi, which leads us to affirm the order of the District Court.

## I.

The claims arising out of the Warren 150 Oil & Gas Associates drilling program ("Warren 150"), which plaintiff Jessica Bramlett concedes have no real value at all events, fail because Bramlett lacks standing to pursue them. Bramlett was never a partner in Warren 150; only her husband Jay Bramlett was a partner and no valid transfer of his ownership interest to her was ever made (nor could it be made under the partnership agreement).

## II.

■ The only claims that Bramlett still pursues are those relating to the Project Hawk–96 Partnership ("Hawk 96") in which Bramlett was in fact a partner. (Hawk 96 also appears to be a financially viable defendant.) However, the claims that Bramlett advances arising out of the Hawk 96 drilling program in effect assert the rights of the partnership. This makes her suit akin to a derivative action, but under Pennsylvania partnership law only a limited partner, not a general partner, may bring such action.

Section 8331 of Pennsylvania's Uniform Partnership Act provides that the rights and duties of the partners in relation to the partnership shall be determined by the partnership agreement and that although "all partners have equal rights in the management and conduct of the partnership business," "any difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners but no act in contravention of any agreement between the partners may be done rightfully without out the consent of all the partners." 15 Pa.C.S.A. §§ 8331(5) and (8). Vertical contends, and the District Court agreed, that operating the wells, and by extension, having or choosing an operator to do so, was an essential element necessary to "carry on their ordinary business." (Opinion, p. 23). Therefore, the District Court saw no reason to allow Bramlett to sustain her cause of action, especially in light of the fact that "the act of every partner … binds the partnership unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no such authority." 15 Pa.C.S.A. § 8321. Given that Bramlett never claimed that the partners who entered into the agreement lacked the authority to do so, the Court properly assumed that they had and that since they executed a transfer of control that occurred within the ordinary course of business, the sale was binding on Bramlett.

At bottom, what Bramlett would have had to do was convince enough other partners with interests sufficient to get her over 50% (she herself had a 45% interest to start). This she did not do.

## III.

■ Bramlett's claim as a putative third party beneficiary of the sales and assignment contracts between Vertical and Snyder Brothers is not cognizable under Pennsylvania law. In fact, the notion that a partner *qua* partner could be a third-party beneficiary of a contract entered into by the partnership seems antithetical to the very premise of partnership law: General partners surrender their rights (and capital) to the partnership, reserving only their

right to act against other partners for breach of agreement in how the partnership is to operate. By contrast, Bramlett's argument has no stopping point. On her logic, *any* general partner of a partnership would be a third-party beneficiary of *any* contract made by the partnership, because, after all, partnerships are typically organized with the purpose of benefitting the partners. If this were true, then any partner would be able to unilaterally maintain what is essentially a derivative action. But as we note above, Pennsylvania law does not provide for such an action. Rather, a general partner's remedies are, depending on the circumstances, either to convince enough other partners to join her cause, or else to bring an action against the other partners for breach of the partnership agreement. Bramlett did neither.

The judgment of the District Court will be affirmed.